1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

KENRICK DALY,

               Petitioner,

      vs.

LELAND McEWEN, Warden,

               Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No.  CV 11-1818-AHM (DTB)

ORDER GRANTING PETITIONER'S
MOTION TO STAY

On March 2, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein.  On March 14, 2011, the Court issued an Order Requiring Response to Petition.  On April 4, 2011, petitioner filed a "Motion Requesting that his Federal Writ of Habeas Corpus be Held in Abeyance Until the Complete Exhaustion of all State Remedies When the Court Renders a Decision in his Habeas Petition that is Pending in the Superior Court" ("Motion for Stay").  Prior to ruling on the Motion for Stay, the Court afforded respondent the opportunity to file a Response to the Motion for Stay.  The Court also ordered petitioner to lodge with the Court any habeas petition he has filed with the Superior Court.  On April 27, 2011, respondent filed an Ex Parte Application requesting the Court stay its Order Requiring Response to Petition which the Court granted on May 3, 2011.  On May 6, 2011, petitioner lodged with the Court his habeas petition filed with the California

1

1  Court of Appeal.  Petitioner failed to lodge his habeas petition filed with the Los
2  Angeles Superior Court and on May 27, 2011, the Court *sua sponte* extended
3  petitioner's time to do so.  After one extension of time, on June 15, 2011, respondent
4  filed an Opposition to the Motion for Stay ("Opp.") along with a Notice of Lodging
5  wherein respondent lodged petitioner's habeas petition filed with the Los Angeles
6  Superior Court.  Thereafter, on July 20, 2011, petitioner filed a document entitled
7  "Objection to Opposition to Hold Petition in Abeyance and Stay Proceedings Pending
8  State Remedies and to Amend Petition to Be Granted" ("Obj.") wherein he advised
9  the Court that he had attempted to file a habeas petition with the California Supreme
10 Court on May 25, 2011, but that he was given the wrong mailing address.  Petitioner
11 asserts that he subsequently filed a habeas petition in the California Supreme Court
12 on June 20, 2011.

13        Petitioner's Motion for Stay is now ready for decision.

14

15                        **FACTUAL BACKGROUND**

16        On September 23, 2008, petitioner was convicted by a Los Angeles Superior
17 Court jury of one count of attempted murder, three counts of assault with a firearm,
18 one count of assault by means likely to produce great bodily injury, and one count of
19 mayhem.  (Respondent's Notice of Lodging ["Lodgment"] No. 1.)  The jury also
20 found true firearm allegations and great bodily injury allegations.  (Id.)  The trial
21 court sentenced petitioner to state prison for 14 years and eight months plus 25 years-
22 to-life.  (Lodgment No. 2.)

23        Petitioner appealed his conviction to the California Court of Appeal, raising a
24 single claim of insufficient evidence with regard to petitioner's conviction of assault
25 with a firearm on Jason Mahi.  (Pet. at 2; Opp. at 8.)  On December 21, 2009, in an
26 unpublished opinion, the Court of Appeal affirmed the judgment.  (California

27

28

                                         2

1  Appellate Courts website[1].) Petitioner's ensuing Petition for Review to the California

2  Supreme Court was summarily denied without comment or citation of authority on

3  March 10, 2010. (Lodgment No. 3; California Appellate Courts website.)

4       Petitioner filed a Petition for Writ of Habeas Corpus with the Los Angeles

5  County Superior Court on March 24, 2011, in which he raised 26 new claims.

6  (Lodgment No. 4.)   The Superior Court denied the petition on the same date.

7  (Lodgment No. 5.) On April 25, 2011, petitioner filed a Petition for Writ of Habeas

8  Corpus with the California Court of Appeal, raising the same claims contained in his

9  Superior Court habeas petition. (Lodgment No. 6.)  The Court of Appeal denied the

10  petition on May 5, 2011. (Id.)  On June 20, 2011, petitioner filed a habeas petition

11  with the California Supreme Court.  (Obj. Exhibit 4.)

12

13  **DISCUSSION**

14      A.   <u>The exhaustion requirement</u>

15       As a matter of comity, a federal court will not entertain a habeas corpus petition

16  unless the petitioner has exhausted the available state judicial remedies on every

17  ground presented in a petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S. Ct.

18  1198, 71 L. Ed. 2d 379 (1982).  The habeas statute explicitly provides that a habeas

19  petition brought by a person in state custody  "shall not be granted unless it appears

20  that - (A) the applicant has exhausted the remedies available in the courts of the State;

21  or  (B)(I) there is  an  absence  of  available  State  corrective  process;  or  (ii)

22  circumstances exist that render such process ineffective to protect the rights of the

23  applicant."  28 U.S.C. § 2254(b)(1).

24       Exhaustion requires that petitioner's claims be fairly presented to the highest

25  court in a state system even if that court's review is discretionary.  <u>O'Sullivan v.</u>

26  <u>Boerckel</u>, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>James v.</u>

27  _____

28      [1]   http://www.courts.ca.gov/courtsofappeal.htm

1    Giles, 221 F.3d 1074, 1077, fn. 3 (9th Cir. 2000).  A habeas petitioner must give the
2    state courts "one full opportunity to resolve any constitutional issues by invoking one
3    complete round of the State's established appellate review process" in order to
4    exhaust her claims.  O'Sullivan, 526 U.S. at 845.

5         In order to have been "fairly presented" to a state court proceeding, both the
6    operative facts and the federal legal theory upon which a claim is based must have
7    been described.  See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L.
8    Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed.
9    2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v.
10   California Dept. of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on
11   other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000).  Petitioner has the
12   burden of demonstrating that he has exhausted his available state remedies.  See, e.g.,
13   Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  State remedies are not exhausted
14   if an appeal or petition for post-conviction relief is still pending in state court.
15   Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending
16   state appeal, he "must await the outcome of his appeal before his state remedies are
17   exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam)
18   (state remedies are unexhausted where a petition for post-conviction relief is still
19   pending in state court).

20        Under the total exhaustion rule, if even one claim in a habeas petition is
21   unexhausted, the entire petition must be dismissed.  Rose, 455 U.S. at 522.

22        Here, petitioner raised a single insufficiency of the evidence claim in the
23   Petition, which was consistent with the claim he had exhausted on direct appeal.  In
24   his Motion for Stay, petitioner asserts that he intends to amend the Petition to add 26
25   new claims, which he is in the process of exhausting in the state courts.  (See Motion
26   for Stay at 5; Lodgment 4 at 1-69.)

27        As a result of his desire to add his proposed 26 additional claims to the pending
28   Petition, petitioner seeks to stay these proceedings and hold his Petition in abeyance

4

1  while he exhausts his new claims through his state habeas proceedings. (<u>See</u> Motion

2  for Stay at 5-6.)

3       In <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005),

4  the Supreme Court held that courts have the discretion to stay a "mixed petition"

5  containing both exhausted and unexhausted claims, and to hold it in abeyance while

6  a petitioner exhausts the remaining claims in state court, but only in "limited

7  circumstances" where the petitioner can show the following: (a) That the petitioner

8  has good cause for failing to exhaust the unexhausted claims in state court; (b) that

9  the unexhausted claims are potentially meritorious and not "plainly meritless"; and

10 (c) that the petitioner has not engaged in abusive litigation tactics or intentional delay.

11 <u>Id.</u>

12      Here, the Petition is not "mixed," as it contains a single exhausted claim.

13 Moreover, after duly considering the underlying record, including respondent's

14 contentions, the Court concludes that petitioner has failed to show good cause for his

15 failure to exhaust his proposed new grounds in state court.

16      While relatively little guidance exists as to what constitutes 'good cause' under

17 <u>Rhines</u>, the Ninth Circuit has held that it does not require a petitioner to show that

18 "extraordinary circumstances" prohibited him from exhausting his claims, while also

19 noting that stay and abeyance should be available only in limited cases. <u>Jackson v.</u>

20 <u>Roe</u>, 425 F.3d 654, 661-662 (9th Cir. 2005).  However, an analysis of a petitioner's

21 assertion of 'good cause' should take into consideration the aim of the Antiterrorism

22 and Effective Death Penalty Act (the "AEDPA"), which imposes a one-year statute

23 of limitations on habeas petitions, in order to encourage the finality of sentences, as

24 well as to encourage petitioners to exhaust their claims in state court before filing a

25 federal habeas petition.  <u>See</u> <u>Rhines</u>, 544 U.S. at 276-77.

26      Plaintiff asserts that he has shown good cause for the delay because he is

27 ignorant of the law, and, due to the complexity of the issues involved, he was required

28 to enlist the assistance of more knowledgeable fellow prisoners in asserting his new

1   habeas claims.  (Motion for Stay at 4-5.)  For this reason, petitioner argues, he had
2   good cause for delaying filing his superior court habeas petition until March 24,
3   2011, following the California Supreme Court's denial of his Petition for Review
4   nearly a year earlier, on March 10, 2010.

5       The Court concludes that petitioner's asserted basis for his delay does not
6   constitute "good cause" as that phrase has been interpreted by the Ninth Circuit, since
7   his lack of legal knowledge or experience does not constitute the  sort of uncommon
8   circumstance envisioned by the Supreme Court as warranting stay and abeyance
9   under <u>Rhines</u>.  For example, in <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1024 (9th Cir.
10  2008) the Ninth Circuit found that the petitioner had not shown good cause for the
11  failure to first exhaust where the petitioner contended that he was " 'under the
12  impression' " that his counsel had included all the issues in his petition for review.
13  The <u>Wooten</u> court concluded that accepting such a reason for delay would make
14  stay-and-abeyance orders routine, since almost any petitioner could make this
15  argument, and thus would render stay-and-abeyance orders routine, which would be
16  contrary to Rhines' instruction that stays should only be granted in limited
17  circumstances.  <u>Id</u>. at 1024.

18      Unfortunately, petitioner's lack of legal knowledge and experience is a routine
19  circumstance for prisoners/petitioners and does not amount to good cause for failing
20  to exhaust.  Petitioner's limited education and lack of an attorney to assist him in
21  presenting his claims in a collateral attack are commonplace circumstances in the
22  prison population.  Cf. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro
23  se petitioner's lack of legal sophistication is not, by itself, an extraordinary
24  circumstance warranting equitable tolling); <u>Hughes v. Idaho State Bd. of Corrections</u>,
25  800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause
26  to avoid procedural bar); <u>United States v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993)
27  (pro se status, illiteracy, deafness and lack of legal training not external factors
28  excusing abuse of the writ).  Although these cited cases involved standards more

1    rigorous than that of the "good cause" used for stay and abeyance under <u>Rhines</u>, they

2    indirectly support the conclusion that the commonplace circumstances of being a pro

3    se petitioner with little education do not amount to good cause in light of the

4    requirement under <u>Rhines</u> that stays be issued only in limited circumstances.  <u>See</u>

5    <u>Wooten</u>, 540 F.3d at 1024.

6         Having considered the reason offered by petitioner for his delay in filing his

7    federal habeas petition, the Court concludes that he has not shown good cause for his

8    failure to exhaust state court remedies in a timely manner as required by <u>Rhines</u>.

9    Therefore, the Motion for Stay is DENIED as to <u>Rhines</u>.

10        However, the Ninth Circuit has also held that a habeas petition may be stayed

11   pursuant to the three-step procedure established in <u>Kelly v. Small</u>, 315 F.3d 1063 (9th

12   Cir. 2003), which does not require a petitioner to show good cause for his delay.

13        Under the three-step Kelly procedure, (1) the petitioner amends his petition to

14   delete any unexhausted claims, (2) the court stays and holds in abeyance the

15   amended, fully exhausted petition, allowing petitioner the opportunity to proceed to

16   state court to exhaust the deleted claims, and (3) petitioner later amends his petition

17   and re-attaches the newly-exhausted claims to the original petition.

18   <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir.2009).

19        A petitioner who elects to proceed under the <u>Kelly</u> procedure will be able to

20   amend his petition with his newly exhausted claims if they are timely.   If a

21   petitioner's newly-exhausted claims are untimely, he will only be able to amend his

22   petition to include them if they share a "common core of operative facts" with the

23   claims in his original petition.  <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 662, 125 S. Ct.

24   2562, 162 L. Ed. 2d 582 (2005).  In this regard, the <u>Kelly</u> procedure, unlike the

25   alternative procedure provide pursuant to <u>Rhines</u>, is a riskier one for a habeas

26   petitioner because it does not protect a petitioner's unexhausted claims from expiring

27   during a stay. <u>See</u> <u>King</u>, 564 F.3d at 1140–41. <u>See</u> <u>also</u> <u>Duncan v. Walker</u>, 533 U.S.

28   167, 172–75, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (unlike the filing of a state

1  habeas petition, the filing of a federal habeas petition does not toll the statute of
2  limitations).

3  Here, Petitioner only raises a single ground for relief in the Petition, so there
4  are no unexhausted claims to dismiss for purposes of exhaustion. Nonetheless, it
5  would appear that this action is amenable to a stay pursuant to Kelly in order to allow
6  petitioner to attempt to exhaust his additional claims in the state courts and then seek
7  leave to amend them to the Petition.

8  Therefore, the Court GRANTS petitioner's Motion for Stay pursuant to Kelly.

9  However, as noted by the Ninth Circuit in King, petitioner bears the risk that
10  he may be precluded from adding any of the proposed new claims to the Petition if,
11  at the time he seeks to amend such claims, the Court determines that they are untimely
12  and not sufficiently related to his current claim. As noted, following the expiration
13  of the AEDPA statute of limitations, a federal habeas petitioner may seek to amend
14  a timely-filed petition with new claims. Mayle, 545 U.S. at 662; King, 564 F.3d at
15  1141. However, when considering any such amendment, the Court must individually
16  evaluate each proposed new claim to ascertain whether it is timely, and also to
17  determine whether it "relates back" to any timely claims contained in the petition.
18  See Pace v. DiGuglielmo, 544 U.S. 408, 416 n. 6,125 S. Ct. 1807, 1814, 161 L. Ed.
19  2d 669 (2005); see also Bachman v. Bagley, 487 F.3d 979, 983-84 (6th Cir. 2007);
20  Fielder v. Varner, 379 F.3d 113, 118 (3d Cir. 2004); Murphy v. Espinoza, 401 F.
21  Supp. 2d 1048, 1052 (C.D. Cal. Nov. 7, 2005). A claim must "relate back" because,
22  pursuant to 28 U.S.C . § 2242, a habeas petition may be amended "as provided in the
23  rules of procedure applicable to civil actions." Under the Federal Rules of Civil
24  Procedure, an amendment to a civil pleading may "relate back" to the date of the
25  original pleading when the proposed amended pleading arises "out of the conduct,
26  transaction, or occurrence set out-or attempted to be set out-in the original pleading."
27  Fed. R. Civ. P. 15(c)(1)(B). For purposes of amending a habeas petition pursuant to
28  Fed. R. Civ. P. 15 after the AEDPA one-year statute of limitations has expired, the

8

1   Supreme Court has found that the original and proposed amended claims must be
2   "tied to a common core of operative facts." <u>Mayle</u>, 545 U.S. at 664.  Conversely, a
3   proposed amended claim "does not relate back (and thereby escape [the] AEDPA's
4   one-year time limit) when it asserts a new ground for relief supported by facts that
5   differ in both time and type from those the original pleading set forth." <u>Id</u>. at 650.

6        While it appears that petitioner may be entitled to at least some amount of
7   statutory tolling of the AEDPA's one-year limitations period pursuant to 28 U.S.C.
8   § 2244(d)(2), the Court is unable at this time to conclude whether petitioner is, in
9   fact, entitled to such tolling, or whether petitioner's new claims will be timely for
10  purposes of amendment.

11       Again, petitioner is cautioned that the Court is not finding that such claims are
12  timely at this time, or that they will be timely, as that issue is not presently before the
13  Court.  In the event petitioner seeks to amend his Petition to include the claims which
14  he is presently exhausting before the state courts, the Court will evaluate the
15  timeliness of each proposed new claim at that time.

16
17                              **CONCLUSION**
18       Based on the foregoing, petitioner's Motion for Stay is GRANTED, pursuant
19  to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).
20       1.      If he has not already done so, petitioner shall present his unexhausted
21  claims in a habeas petition to the California Supreme Court within ten (10) days of
22  his receipt of the service copy of this Order.
23       2.      Forthwith upon the issuance of the ruling on that habeas petition,
24  petitioner shall lodge copies of the petition and the ruling with this Court.
25  / / /
26  / / /
27  / / /
28  / / /

9

3.    Assuming petitioner does not obtain habeas relief from the California
Supreme Court, the Petition shall be held in abeyance until thirty (30) days after the
California Supreme Court issues its order denying petitioner's habeas Petition.

DATED: October 19, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

10